Case 2:20-cv-00022-SMJ    ECF No. 14    filed 09/02/20    PageID.2109    Page 1 of 18

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL GEWALT,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>      Defendant. | No. 2:20-cv-00022-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Michael Gewalt appeals the Administrative Law Judge's (ALJ) denial of his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). He alleges that the ALJ improperly rejected (1) his mental impairments, (2) certain medical provider opinions, and (3) his subjective testimony. *See generally* ECF No. 11. He also claims the ALJ failed to meet his step five burden. *Id*. The Commissioner of Social Security ("Commissioner") disagrees and asks the Court to affirm the ALJ's determination. ECF No. 12 at 16.

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 11, 12. After reviewing the administrative record, the parties' briefs, and the relevant legal authority, the Court is fully informed. For

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 1

the reasons discussed below, the Court disagrees with Gewalt. The ALJ did not find his mental impairments frivolous, just not severe. The ALJ reasonably weighed the medical provider testimony and resolved conflicts in the record. And it reasonably discounted Gewalt's subjective testimony on the severity of his symptoms. The ALJ also met its step five burden—work exists that Gewalt can reasonably perform. The Court therefore affirms.

## BACKGROUND[1]

Gewalt applied for DIB and SSI benefits in the fall of 2014, alleging his disability began in 2008. AR 196–208, 133.[2] The Commissioner initially denied his disability claims and request for reconsideration, so he sought a hearing. AR 133–43. The ALJ conducted a hearing, finding Gewalt not disabled and entered an unfavorable decision denying his application for DIB and SSI benefits. AR 51–66. Gewalt appealed that decision but the Appeals Council found that the reasons submitted did not provide a basis for changing the ALJ's decision. AR 40–42.

Gewalt then filed a complaint with this court. AR 1122–24. The parties cross-moved for summary judgment, and Magistrate Judge Rodgers granted Gewalt's motion in part and denied the Commissioner's motion. AR 1131–44. The Court

---

[1] Because the parties have addressed the facts extensively in their cross-motions for summary judgment, the Court only provides a brief summary here.

[2] For clarity, the Court will cite the relevant page numbers of the administrative record (AR), as paginated by the clerk's office in ECF No. 8.

remanded his case for further proceedings. AR 1144.

On remand, the Appeals Council referred Gewalt's case to an ALJ for another hearing. AR 1145; *see also* AR 1053–92. But the ALJ again found Gewalt not disabled and entered an unfavorable decision denying his application for benefits. AR 1028–44. Gewalt sought review in this Court, resulting in the instant cross-motions for summary judgment. ECF Nos. 1, 11 & 12.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The ALJ uses a five-step sequential evaluation process to determine whether a claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ considers the claimant's work activity, if any. 20 C.F.R. §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). If the claimant is doing any substantial gainful activity, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant is not doing any substantial gainful activity, the evaluation proceeds to step two.

At step two, the ALJ considers the medical severity of the claimant's

impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). If they do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant does have a severe physical or mental impairment, the evaluation proceeds to step three.

At step three, the ALJ also considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If they have an impairment(s) that meets or equals one of the Social Security Administration's listings in appendix 1 of this subpart and meets the duration requirement, the ALJ will find the claimant disabled. *Id*.; 404 Subpt. P App. 1. If their impairment(s) does not meet or equal a listed impairment, the evaluation proceeds to step four.

At step four, the ALJ considers the claimant's residual functional capacity and their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), 416.920(a)(4)(iv), (e). If they can still do their past relevant work, the ALJ will find the claimant not disabled and deny their claim. *Id*.; *see also* §§ 416.920(f), (h), 416.960(b). If they cannot, the evaluation proceeds to step five.

At the fifth and final step, the ALJ considers the claimant's residual functional capacity and their age, education, and work experience to see if they can

adjust to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), (f), 416.920(a)(4)(v), (f). If they can adjust to other work, the ALJ will find the claimant not disabled and deny their claim. *Id*. If they cannot, the ALJ will find the claimant disabled and grant their claim. *Id*.; *see also* §§ 404.1520(g), (h), 404.1560(c).

The burden shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). If the claimant makes such a showing, the burden then shifts to the Commissioner to show work within the claimant's capabilities. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). To find a claimant disabled, their impairments must not only prevent them from doing their previous work, but also (considering their age, education, and work experience) prevent them from doing any other substantial gainful work that exists in the national economy. *Id*.; 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**ALJ FINDINGS**

At step one, the ALJ found that Gewalt had "not engaged in substantial gainful activity since June 30, 2008, the alleged onset date." AR 1033. It noted Gewalt has "had two unsuccessful work attempts after the alleged onset date." *Id*.

At step two, the ALJ found that Gewalt had the following severe impartments: degenerative disc disease of the lumbar and cervical spine and obesity. AR 1034. It found Gewalt's "medically determinable mental impairments
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 5

of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." AR 1034.

At step three, the ALJ found that Gewalt did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impartments." AR 1035.

At step four, the ALJ found that Gewalt had

> the residual functional capacity to perform a full range of light work . . . except: he requires a sit/stand option at will; he can stand and walk in combination only two hours total in an eight-hour day, thirty minutes at a time; he can frequently reach; he cannot climb ladders, ropes, or scaffolds, and can perform all other postural activities only occasionally; he can have no concentrated exposure to extreme cold or vibration; he cannot be exposed to hazards, such as unprotected heights or moving mechanical parts; and he cannot operate a motor vehicle.

AR 1036. With that, it found Gewalt "unable to perform any past relevant work." AR 1042.

At step five, the ALJ found "there are jobs that exist in significant numbers in the national economy that the claimant can perform." AR 1042.

**STANDARD OF REVIEW**

Reviewing courts must uphold an ALJ's disability determination if it applied the proper legal standards and supported its decision with substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by*

*regulation on other grounds*. "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). The ALJ must base its determination on more than a mere scintilla of evidence yet need not support its decision by a preponderance of the evidence. *Id.* at 1110–11. If the evidence supports more than one rational interpretation, and the ALJ has supported its decision with inferences drawn reasonably from the record, the Court must uphold its decision. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Moreover, the Court will not reverse an ALJ's decision if it committed harmless error. *Molina*, 674 F.3d at 1111. The burden to show harmful error lies with the party challenging the ALJ's determination. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## ANALYSIS

**A.     Substantial Evidence Supports the ALJ's Findings on the Severity of Gewalt's Mental Impairments**

Gewalt argues the ALJ improperly rejected his mental impairments as frivolous at step two of the sequential evaluation process. ECF No. 11 at 11–14. The Court disagrees.

At step two, the ALJ considers the medical severity of the claimant's impairment(s). The claimant "must have a severe impairment . . . or combination of

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 7

impairments which significantly limits [their] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). "Basic work activities" refers to "abilities and aptitudes necessary to do most jobs," including, for example,

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting SSR No. 96–3(p) (1996)).

Here, the ALJ did not find Gewalt's medically determinable mental impairments frivolous. Rather, it found them not severe. AR 1034–37. The ALJ considered the four broad functional areas set out in the disability regulations for evaluating mental disorders, known as the "paragraph B" criteria. *Id*. at 1034-35. These functional areas include an assessment of how well the claimant: (1) understands, remembers, or applies information; (2) interacts with others; (3) concentrates, persists, or maintains pace; and (4) adapts or manages oneself. 20 C.F.R. § 404.1520a(c)(3). The ALJ found Gewalt had no limitation in the first

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 8

functional area and only mild limitations in the next three. AR 1035.

More specifically, the ALJ found Gewalt's allegations about his mental impairments inconsistent with the longitudinal evidence. AR 1036. The ALJ cited several mental status examinations, which he found, at most, show mild depression and anxiety consistent with a non-severe impairment. *Id*. He noted Gewalt refused to seek meaningful mental health treatment, has had little counseling, has not sought a consultation with a psychiatrist, and refused antidepressants until after the vacated 2017 decision, almost nine years after the start of his alleged disability. *Id*. at 1036–37. He also noted that when Gewalt finally sought counseling after the 2017 vacated decision, he received low scores on the Patient Health Questionnaire and the Generalized Anxiety Disorder 7-item, self-reporting instruments intended to assess symptoms of depression and anxiety. *Id*. at 1037. While the ALJ recognized that Gewalt had been prescribed Xanax, he found that fact alone did not show Gewalt had severe mental impairment. *Id*.

Gewalt argues that the ALJ should not consider his lack of treatment because "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" ECF No. 11 at 11-12 (citing *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–1300 (9th Cir. 1999) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996))). True enough, but the Ninth Circuit has "long held that, in assessing a claimant's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 9

credibility, the ALJ may properly rely on 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Molina*, 674 F.3d at 1113 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)).

At the hearing, when pressed on why he had not sought any specialized mental health treatment, Gewalt testified: "I have no confidence and just I am scared now all the time and—I don't—I don't know what happened, to be honest. I probably—probably should see somebody." AR 1076. He goes on to say: "I just—it's a lot it feels like—I guess, to explain, it feel[s] like work. It feel[s] like I have to go to the place. . . . Fill out all the paperwork, sit there and then see the person two times a—probably two times a week, I'm sure that's going to be their recommendation for my case. … I haven't been a vocal person ever, so I'm timid and—pretty reluctant to talk to somebody about it, I guess." *Id*. at 1077.

Gewalt argues his testimony shows that his anxiety and depression prevented him from seeking mental health treatment. ECF No. 11 at 12. The Commissioner counters the ALJ could make a credibility determination based on the conflicting evidence in the record. ECF No. 12 at 4–5. The Court agrees with the Commissioner. The ALJ properly made a credibility determination in this instance and pointed to inconsistencies in the record. AR at 1036–37. More importantly, as the Commissioner observes, "an impairment does not need to be symptom-free to

be non-severe. Rather, a non-severe mental impairment is one that does not significantly affect a claimant's ability to perform basic work activities." ECF No. 12 at 5 (citing 20 C.F.R. §§ 404.1522, 416.922).

In sum, the ALJ here applied the proper legal standards and supported its decision with substantial evidence in the record. *See Molina*, 674 F.3d at 1110. The ALJ made reasonable inferences supported by the record, and while reasonable minds might disagree on the severity of Gewalt's mental impairment, the ALJ relied on substantial evidence to support its conclusion that Gewalt did not have a severe mental impairment. *See id.* Just because "the ALJ *could* have come to a different conclusion," does not mean the ALJ erred. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original). For these reasons, the Court finds no error and Gewalt's argument fails.

**B.    The ALJ Reasonably Weighed the Evidence and Resolved Conflicting Medical Provider Opinions**

Gewalt next alleges that the ALJ improperly rejected the opinions of his providers Douglas Hammerstrom, M.D., Michael Hixon, M.D., and Dave Anderson, P.A. ECF No. 11 at 14–17. The Court disagrees. The ALJ relied on the opinions of Lynn Jancke, M.D., the medical expert who testified at the first hearing, Lewis Almaraz, M.D., a neurologist, Daniel Emerson, M.D., an orthopedic surgeon, and James Strandly, P.T., who conducted a functional capacity evaluation. AR

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 11

1039–40. The ALJ weighed the evidence and resolved conflicting medical provider opinions with substantial evidence in the record.

The ALJ must evaluate and weigh opinion evidence for claims filed before March 27, 2017, using specific criteria. *See generally* 20 C.F.R. §§ 404.1527, 416.927. "When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). "Greater weight must be given to the opinion of treating physicians, and in the case of a conflict 'the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). But if a treating physician's opinion is conclusory, brief, unsupported by the record, or by objective medical findings, the ALJ may discount that opinion. *Id.*

***The ALJ reasonably discounted Dr. Hammerstrom's opinion.*** Dr. Hammerstrom opined Gewalt's severe limitations prevent him from meeting the demands of sedentary work. AR 1483. Yet Dr. Hammerstrom's opinion is belied by his own treatment notes: The notes show normal neurological findings for Gewalt's lumbar spine. *E.g.*, AR 509, 575, 646, 658, 673, 697, 964, 989, 1003, 1017, 1367 & 1371. The ALJ relied on these notes in discounting Dr.

Hammerstrom's opinion. AR 1040–41. And that is enough to satisfy the standard. *See*, *e.g.*, *Batson*, 359 F.3d at 1195.

**The ALJ reasonably discounted Dr. Hixon's opinion.** Dr. Hixon noted that Gewalt

> is now almost 1 year post surgery. He was reevaluated by neurosurgery about 6 months ago and think his recent functional capacity evaluation is reassuring, I would support a 30-pound lifting restriction, but he should be able to work in a light to medium physical demand level at a full time job. *He does have psychological impairments that interfere with his ability to resume activity*, I encouraged him to try to gradually work on resuming activity particularly golf which he enjoys, if he starts slow and tries to progress gradually I think he has good prospects of being able to resume most activities.

AR 771 (emphasis added). The ALJ discounted Dr. Hixon's statement about psychological impairments because Dr. Hixon's own treatment notes reflect only occasional mild anxiety or depression. AR 1041. Because Dr. Hixon's opinion is conclusory, brief, unsupported by the record, or by objective medical findings, the ALJ reasonably discounted his opinion. *See*, *e.g.*, *Batson*, 359 F.3d at 1195.

**The ALJ reasonably discounted Anderson's opinion.** The regulations provide for the consideration of opinions from "other sources," including nurse-practitioners, physician's assistants or therapists. 20 C.F.R. §§ 404.1527(f), 416.927(f); SSR 06–03p. Still, "other sources" are not entitled to deference. *See* § 404.1527; SSR 06–03p. "The ALJ may discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" *Molina*,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 13

674 F.3d at 1111 (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)).

Anderson opined that Gewalt could only perform sedentary work in a regular predictable manner (defined there as the ability "to lift 10 pounds maximum and frequently lift or carry lightweight articles. Able to walk or stand only for brief periods."). AR 347. The ALJ discounted Anderson's opinion because that finding diverged from Dr. Hixon's treatment notes. AR 1040.

Gewalt challenges the ALJ's view of Anderson's opinion because it compared his opinion with outdated treatment notes. ECF No. 11 at 17. Even if the ALJ erred by not citing Dr. Hixon's most current treatment notes, the Court finds that error harmless. The ALJ references Dr. Hixon's current treatment notes elsewhere in his decision and those notes undermine Anderson's opinion. The Court finds the ALJ reasonably discounted Anderson's opinion and gave germane reasons for doing so. *See*, *e.g.*, *Molina*, 674 F.3d at 1111. As a result, the Court holds Gewalt failed to satisfy his burden. *See Shinseki*, 556 U.S. at 409.

**C.    The ALJ Reasonably Discounted Gewalt's Subjective Testimony on the Severity of His Symptoms**

Gewalt contends the ALJ improperly rejected the claimant's subjective testimony. ECF No. 11 at 17–19. The Court disagrees.

When evaluating a claimant's credibility on subjective testimony involving pain or symptoms, the ALJ performs a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ first determines whether "'objective medical evidence [exists] of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). If the claimant has presented such evidence, and no evidence of malingering exists, the ALJ must next give "'specific, clear and convincing reasons'" to reject the claimant's testimony on the severity of their symptoms. *Id.* (quoting *id.*).

That said, the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

> The ALJ may consider many factors in weighing a claimant's credibility, including "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities."

*Tommasetti*, 533 F.3d at 1039 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). The ALJ may also "consider inconsistencies either in the claimant's

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 15

testimony or between the testimony and the claimant's conduct," among other things. *Molina*, 674 F.3d at 1112.

Although the ALJ found that Gewalt had satisfied step one of the analysis, it also found his "allegations of constant chronic pain are out of proportion to his unremarkable presentation during appointments" and his "testimony at the 2019 hearing to be inconsistent with the medical evidence." AR at 1037. It noted "[t]he claimant's symptom allegations are rebutted by multiple persuasive opinions from medical sources, including the physical therapist who performed a thorough Functional Capacity Evaluation, the claimant's surgeon, his long-time treating source, and the opinion of the impartial medical expert." AR 1038. The ALJ thus provided specific clear and convincing reasons to reject Gewalt's testimony. *See generally* AR 1036–42.

While the ALJ's interpretation of Gewalt's subjective testimony may not be the only reasonable one, it is still reasonable. And it is not this Court's job "to second-guess it." *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). The Court therefore finds the ALJ did not err.

**D.    The ALJ Reasonably Concluded Work Exists in the National Economy that Gewalt Can Perform**

Gewalt finally argues that the ALJ failed to meet his step five burden. ECF No. 11 at 19–20. He specifically claims the vocational testimony the ALJ relied on

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 16

1 had no evidentiary value because the vocational expert answered an incomplete
2 hypothetical—that is, the hypothetical posed by the ALJ failed to include all the
3 limitations and restrictions recognized by all his providers. *Id*. at 20. The Court
4 disagrees.

5     "The hypothetical an ALJ poses to a vocational expert, which derives from
6 the RFC, 'must set out *all* the limitations and restrictions of the particular
7 claimant.'" *Valentine*, 574 F.3d at 690 (quoting *Embrey v. Bowen*, 849 F.2d 418,
8 422 (9th Cir. 1988) (emphasis in original)). But when an ALJ reasonably discounts
9 a claimant's limitations and restrictions, it may rely on a vocational expert's
10 responses to hypothetical questions that do not include those limitations and
11 restrictions. *Rutherford v. Barnhart*, 399 F.3d 546, 553–56 (3d Cir. 2005).

12     Gewalt's argument presumably relies on the providers opinions the ALJ
13 discounted. But because the Court has concluded that the ALJ did not err in
14 discounting those providers opinions, it presented a complete hypothetical to the
15 vocational expert. Gewalt shows no error at step five and his claim thus fails.

16 //
17 //
18 //
19 //
20 //

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 17

For the reasons set forth above, **IT IS HEREBY ORDERED**:

**1.** Plaintiff Michael Gewalt's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

**2.** The Commissioner's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

**3.** The Clerk's Office shall **ENTER JUDGMENT** for the **DEFENDANT** and **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

**DATED** this 2nd day of September 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge